PJG Consent SSA (Rev 09/14/20)                                                                                      Kerwyn Ian Fyfe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kerwyn Ian Fyfe, ) | C/A No. 0:19-3599-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒     Supplemental Security Income ("SSI")

        Application date: <u>October 8, 2015</u>     Plaintiff's age at filing: <u>43</u>

☐     Disability Insurance Benefits ("DIB")

        Date last insured:

☐     Other:

Plaintiff's Year of Birth: <u>1972</u>

Plaintiff's alleged onset date: <u>September 16, 2014</u>

**Part II—Social Security Disability Generally**

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

    A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  January 2, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:     Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒ Plaintiff has the following severe impairments:
sickle cell anemia, major depressive disorder, and anxiety.

☐ Plaintiff does not have a severe impairment.

Step 3:     ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 416.967(a) except the claimant must be able to alternate between sitting and standing once per hour for no more than 5 minutes at the work station while completing the task at hand, and never operate foot controls with the right leg. He can never climb ladders, ropes or scaffolds, occasionally climb ramps and stairs, frequently balance and crouch, but only occasionally stoop, kneel, and crawl. He can never be exposed to extreme cold or extreme heat, and never exposed to dangerous chemicals, unprotected heights, or open, moving, mechanical parts and hazardous machinery. He can concentrate sufficiently in 2-hour increments to perform simple, routine tasks, but not at a production rate pace and can work in a setting with fixed and predictable tasks.

Step 5:     ☐ Plaintiff could return to his/her past relevant work.

☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff has no past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

1.  Telephone Information Clerk (DOT# 237.367-046, sedentary, SVP of 2, approximately 90,000 jobs in the national economy);

2.  Document Preparer (DOT #249.587-018, sedentary, SVP of 2, approximately 92,000 jobs in the national economy); and

3.  Vial Sealer (DOT #779.684-034, sedentary, SVP of 2, approximately 25,000 jobs in the national economy).

Date of Appeals Council decision:  December 9, 2019

**Part IV—Standard of Review**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I.  The ALJ did not assess the combined effects of Mr. Fyfe's multiple impairments; and

II. The ALJ's assessment of Dr. Martin's opinion was not based on the proper legal framework nor supported by substantial evidence; and

III. The ALJ's analysis of Mr. Fyfe's subjective complaints was not based on the proper legal framework nor supported by substantial evidence.

**Oral Argument**

☒ **Held on October 20, 2020**

☐ **Not necessary for disposition**

**Summary of Reasons**[1]

Although Plaintiff raises several issues for this judicial review, the court is constrained to remand this matter for further consideration of the opinion evidence and Fyfe's subjective complaints. Plaintiff in this matter suffers from sickle cell anemia, which the Fourth Circuit has

---

[1] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. § 416.913, 416.927. Because the instant claim was filed before that time, all references in Order are to the prior versions of the regulations and SSRs in effect at the time Plaintiff's application for benefits was filed, unless otherwise specified.

observed "is particularly insidious because it rarely produces the objective medical evidence that clinicians desire." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). Here, like in Hines, in light of Plaintiff's condition, the ALJ appears to have misapplied the legal standard in evaluating the opinion evidence and Plaintiff's subjective complaints. See 20 C.F.R. § 416.927(c) (detailing the factors for weighing medical opinion evidence and instructing ALJs to apply the factors—including the length and nature of the source's treatment relationship with the claimant, the supportability of the opinion, the opinion's consistency with the other evidence in the record, whether the source is a specialist, and any other factors that may support or contradict the opinion—to all medical opinions); Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (detailing to two-step process for evaluating subjective complaints); 20 C.F.R. § 416.929(c)(3) (listing the factors to considering in evaluating subjective complaints, including: daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the pain or other symptoms; treatment, other than medication received for relief of the pain or other symptoms; any measures used to relieve the pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and other factors concerning functional limitations and restrictions due to pain or other symptoms.); SSR 16-3p, 2017 WL 5180304, at *10 (proving the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.").

    Importantly, the ALJ appears to have discounted Dr. Temera Martin's opinion that Plaintiff would be absent from work four or more times a month due to his impairments because the "record

shows that the claimant does not experience sickle cell anemia pain or flare-ups four or more times a month." (Tr. 128.) But this conclusion is not supported by the record. (See, e.g., Tr. 378-82, 382-84, 387-90, 417-21, 457-60, 487-91, 514-18, 536-51, 552-606, 631-35.) Further, the ALJ appears to have focused on the lack of objective evidence to support Plaintiff's subjective complaints. (See Tr. 126) (discounting Plaintiff's testimony finding that (1) most appointments indicated the presence without crisis, (2) Plaintiff was conservatively treated with Oxycodone, (3) there was no indication that Plaintiff required any progressive treatment during the relevant period, suggesting that Plaintiff responded positively to his medications, (4) Plaintiff's emergency room visits were infrequent and never required an overnight stay, and (5) there was no prescription for a cane, no notation of use of a cane, and there were reports of a normal gait). Here, like in Hines, and in light of the nature of sickle cell anemia, the court is unable to determine whether the ALJ's decision is supported by substantial evidence as the ALJ failed to identify any objective evidence that is *inconsistent* or *contrary* to Plaintiff's allegations of disabling limitations; rather, the ALJ appears to have focused on the lack of objective evidence to substantiate the allegations of pain. Cf. Hines, 453 F.3d at 565 n.3 (noting that a claimant's allegations about his pain may not be discredited solely because they are not substantiated by objective evidence of pain and suggesting that such complaints should not be rejected unless evidence in the record is inconsistent with the underlying impairment or level of pain alleged) (quoting Craig, 76 F.3d at 595). Accordingly, this matter is remanded for further consideration of Plaintiff's sickle cell anemia in accordance with the applicable standards.

0:19-cv-03599-PJG     Date Filed 10/29/20     Entry Number 32     Page 6 of 6

PJG Consent SSA (Rev 09/14/20)                                                                                            Kerwyn Ian Fyfe
_____

**ORDER**

☐  **Affirmed for the reasons stated on the record. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒  **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐  **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

October 29, 2020                                           Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE